HENDRY, Judge.
This is an appeal by the defendants in the trial court from an adverse final judgment in the amount of $40,000 plus interest and costs entered in favor of the plaintiff pursuant to a jury verdict.
The appellants have raised five points on appeal seeking to have this court reverse the judgment.
In summary, appellants attack the failure of the trial judge to include in his instructions to the jury a charge concerning the doctrine of sudden emergency, the defense of independent and intervening cause and the defense of comparative (contributory) negligence by the plaintiff.
In addition, appellants contend that the court erred in notifying the jury that it was removing from their consideration the issues of intervening cause, comparative (contributory) negligence and assumption of risk.
Lastly, the appellants assert that the rulings of the trial court taken in' toto, deprived them of a fair trial in this case.
This court has carefully, examined the record of this case in light of the briefs and the citations of law therein, and we have concluded that the appellants have failed to demonstrate any reversible error.
This case arose out of a mishap which occurred in the parking lot of a bar. A car driven by the defendant Thomas Stark ran over the minor plaintiff, William Smith, Jr., severely injuring him.[1]
The evidence at trial showed that the accident occurred following a fracas inside of the bar which had continued outside of the bar.
The defendants have argued that when the accident occurred the defendant Thomas Stark felt that he was endangered, and he was in a hurry to back his car up and to drive away.
Moreover, the defendants assert that just prior to the accident the plaintiff was pulled from the defendants’ vehicle by someone outside the car.
We have studied the instructions which the court gave to the jury and the defendants’ proposed instructions which the court rejected. In our view, the court correctly charged the jury in accordance with applicable principles of the law of negligence.
The trial court has the responsibility of correctly instructing the jury regarding the law which is applicable to the facts of the case. Farnsworth v. Tampa Electric Co., 1911, 62 Fla. 166, 57 So. 233; Lynch v. McGovern, Fla.App.1972, 270 So.2d 770.
In this case, the court instructed the jury using several of the recommended standard jury instructions which are applicable in a negligence case.
The Supreme Court Committee on Standard Jury Instructions which drafted the standard jury instructions approved by the Florida Supreme Court (See, In Re Standard Jury Instructions, Fla.1967, 198 So.2d 319) specifically recommended that the charge on the subject of sudden emergency not be given.
In the committee’s opinion, the ordinary charge concerning reasonable care under the circumstances is broad enough to inform the jury of the applicable standard in an emergency situation. See, Standard Jury Instruction 4.8.
Also, the committee observed that a charge on intervening cause should be given only where the court concludes there is a jury issue as to the presence and effect of an intervening cause. See, Standard Jury Instruction 5.1(c) and Note on Use.
*336 This court has reviewed the record on appeal, and we conclude that this case was fairly and impartially tried and no reversible error has been shown.
Therefore, for the reasons stated, the judgment appealed is affirmed.
Affirmed.

. Stark was driving the automobile, owned by his father, the defendant Eugene Stark, which ran over the plaintiff Smith. Young Stark and Smith were friends and along with two other companions they had gone together to the bar to play pool.