338 So.2d 48 (1976)
In re the ESTATE of Lester WARTELS, Deceased.
Tillie WARTELS, Appellant,
v.
Edmund S. WARTELS, Executor of the Estate of Lester Wartels, Appellee.
Edmund S. WARTELS, Executor of the Estate of Lester Wartels, Appellant,
v.
Tillie WARTELS, Appellee.
Nos. 75-1216 and 75-1956.
District Court of Appeal of Florida, Third District.
September 14, 1976.
Rehearing Denied October 14, 1976.
Sinclair, Louis & Siegel, Miami, for Edmund Wartels.
Abramson, Scremin, Mendigutia & Libman, Miami, for Tillie S. Wartels.
*49 Before BARKDULL, C.J., and HENDRY and NATHAN, JJ.
PER CURIAM.
Petitioner, Tillie Wartels, appeals from an order denying her homestead rights in the cooperative apartment of her deceased husband, Lester Wartels. Executor Edmund Wartels, appeals from a judgment on jury verdict awarding Tillie Wartels dower in the estate of Lester Wartels, notwithstanding an antenuptial agreement renouncing dower and homestead.
The primary question raised with reference to the dower rights of the widow is whether the court erred in granting the widow a jury trial under Section 733.12(3)(a), Florida Statutes,[1] without previously having made a non-jury determination of the validity of the antenuptial agreement, and if invalid, then rescinding and cancelling it; where, moreover, the allegations in the pleadings were not framed to try the validity of the antenuptial agreement, but the jury had to reach that question in order to award dower to the widow. We answer in the negative for two reasons. The first is based on the line of Florida cases which espouse the principle that the submission of questions of fact to a jury in cases involving equitable relief, which questions are traditionally within the province of the trial judge, is a matter within the discretion of the trial judge. Berg v. New York Life Insurance Company, 88 So.2d 915 (Fla. 1956); St. Sophia Greek Orthodox Community v. Vamvaks, 213 So.2d 313 (Fla. App.3d 1968); Sanitary Linen Service Company v. Executive Uniform Rental, Inc., 270 So.2d 432 (Fla.App.3d 1972). No abuse of that discretion has been shown by the appellant herein.
The second reason is that the record demonstrates that the question of the validity of the antenuptial agreement was tried with the consent, express or implied, of the executor. Not only did the executor submit numerous proposed jury instructions relating to the antenuptial agreement, but also he failed to raise the issue of the propriety vel non of permitting the jury to hear the matter until some five months after the trial and jury verdict. Failure to amend the pleadings to conform to the evidence shall not affect the result of the trial of issues not raised by the pleadings but tried by express or implied consent of the parties. See Chandler v. Chandler, 330 So.2d 778 (Fla.App.1st 1976), and compare Alfred S. Austin Construction Company v. Namia, 220 So.2d 36 (Fla.App.2d 1969). Since the matter of the validity of the antenuptial agreement was litigated without objection by the executor, and with his express, or at least implied, consent, the final judgment should not be disturbed.
As another point on appeal, the executor argues that the trial court erred in failing to give several of his proposed instructions which were taken from the tests for determining the validity of antenuptial agreements as set out in Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962). Settled law requires the trial court to fully and fairly instruct the jury on the issues in the cause, Ashland Oil, Inc. v. Pickard, 269 So.2d 714, 722 (Fla.App.3d 1972), and regarding the law applicable to the facts of the case. Stark v. Smith, 310 So.2d 334 (Fla.App.3d 1975). It is clear from the totality of the record on appeal in this case that the trial judge fully and fairly instructed the jury on the issues and on the applicable law, and no reversible error is shown in this regard.
At this juncture, then, having upheld the trial court's judgment on dower, we must now reach the question of homestead. We are of the opinion that the trial court's ruling was correct and that the widow is not entitled to homestead in the deceased's cooperative apartment. The question of homestead in a cooperative apartment is one of first impression in Florida. The courts have not yet expressed a view as to the effect of recent changes in applicable constitutional and statutory provisions. As *50 the owner of a cooperative apartment has only a stock interest in the corporation and not in the realty, the property is not subject to the law controlling descent of homesteads. Shares of stock in the cooperative apartment corporation would be subject to devise or devolution under general law and would not be within the general provisions of Art. X, § 4, of the Florida Constitution, restricting devise of a homestead under stated conditions. Opinion # 071-19 of the Attorney General of Florida, February 9, 1971. This does not conflict with the decision in Ammerman v. Markham, 222 So.2d 423 (Fla. 1969), which provides that the homestead exemption is applicable to cooperative apartments solely for the purpose of taxation.
We regard the question of whether a cooperative apartment may be considered to be homestead property for the purpose of subjecting it to the Florida Statutes regulating the descent of homestead property, under the facts presented on this appeal, to be of such importance that it should be settled by the Supreme Court of Florida. Therefore, we have determined that the decision in this cause will be certified to the Supreme Court of Florida pursuant to the Florida Constitution, Art. V, § 3(b)(3).
Affirmed.
NOTES
[1] Section 733.12(3)(a), Florida Statutes, in effect until January 1, 1976, provided that the question of right of dower may be tried by a jury upon demand of a party.