357 So.2d 708 (1978)
In re the ESTATE OF Lester WARTELS, Deceased.
Edmund S. WARTELS, Executor of the Estate of Lester Wartels, Petitioner, Cross-Respondent,
v.
Tillie WARTELS, Respondent, Cross-Petitioner.
No. 50488.
Supreme Court of Florida.
April 5, 1978.
*709 Paul A. Louis, Frank Nussbaum, Bayard E. Heath and John L. Zavertnik, of Sinclair, Louis, Siegel & Heath, Miami, for petitioner/cross-respondent.
Michael I. Libman, of Abramson, Scremin, Mendigutia & Libman, Miami, for respondent/cross-petitioner.
ADKINS, Justice.
This cause is here on petition for writ of certiorari supported by certificate of the District Court of Appeal, Third District, that its decision reported in 338 So.2d 48 (Fla. 3d DCA 1976) is one which involves a question of great public interest. We have jurisdiction. Article V, Section 3(b)(3), Florida Constitution.
The question involved is whether a cooperative apartment may be considered to be homestead property for the purpose of subjecting it to the Florida statutes regulating the descent of homestead property. We answer the question in the negative.
On January 2, 1975, the executor, son of the deceased, began the probate of the Last Will and Testament of his father. There were no lineal descendants of the widow and the deceased, although each had children by previous marriages, all of whom had reached adulthood. The widow and the deceased had lived in a cooperative apartment. In the probate proceedings the widow claimed the cooperative apartment as the homestead, and the executor claimed it was not a homestead.
Unlike a condominium purchaser, a cooperative apartment unit purchaser does not receive title to the cooperative apartment unit, nor does he become entitled to ownership of any portion of the building or the land upon which the cooperative apartment unit is situated. Rather, a cooperative apartment unit purchaser only receives shares in the corporation which holds title to the land on which the cooperative apartment building is constructed. In conjunction with the purchase of the shares in the cooperative corporation, the stockholder receives a lease for his individual cooperative apartment unit. In short, the purchaser of a cooperative apartment unit does not hold any type of proprietary interest in either the apartment itself or the apartment building containing the apartment unit, or the land upon which the building is situated. See Annot., "Transfer of, and Voting Rights, in Stock of Co-operative Apartments Association", 99 A.L.R.2d 236 (1965).
An owner of stock in a cooperative apartment corporation is restricted from transferring that stock and is further restricted from transferring the lease he holds to the individual apartment unit. These restrictions are tied together. The transfer of the stock or the lease could not be effected without first obtaining consent from the Board of Directors of the corporation.
Article X, Section 4, of the Florida Constitution reads as follows:
"§ 4. Homestead  exemptions
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by the head of a family:
(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of *710 contiguous land, upon which the exemption shall be limited to the residence of the owner or his family;
(2) personal property to the value of one thousand dollars.
(b) These exemptions shall inure to the surviving spouse or heirs of the owner.
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law."
Sections 731.05 and 731.27, Florida Statutes (1973), which were applicable in this case, provide as follows:
"731.05 Property which may be devised. 
(1) Any property, real or personal, held by any title, legal or equitable, with or without actual seisin, may be devised or bequeathed by will; provided, however, that whenever a person who is head of a family, residing in this state and having a homestead therein, dies and leaves either a widow or lineal descendants or both surviving him, the homestead shall not be the subject of devise, but shall descend as otherwise provided in this law for the descent of homesteads."
"731.27 Descent of homesteads.  The homestead shall descend as other property; provided, however, that if the decedent is survived by a widow and lineal descendants, the widow shall take a life estate in the homestead, with vested remainder to the lineal descendants in being at the time of the death of the decedent."
Neither the Constitution nor the statutes define a homestead for the purpose of devise and descent. The words contained in Article X, Section 4(a)(1) "to the extent of one hundred sixty acres of contiguous land" and the words "if located within a municipality, to the extent of one-half acre of contiguous land" have been repeatedly defined to mean that homestead property must consist of an interest in realty Pasco v. Harley, 73 Fla. 819, 75 So. 30 (1917); Hill v. First National Bank, 73 Fla. 1092, 75 So. 614 (1917); Milton v. Milton, 63 Fla. 533, 58 So. 718 (1912).
The widow relies upon Ammerman v. Markham, 222 So.2d 423 (Fla. 1969) to support her position. In Ammerman, supra, the Court allowed homestead exemption for the purpose of taxation to owners of cooperative apartments. The Court considered Section 196.031, Florida Statutes (1973) which allowed the tax exemption of homestead and included a provision that "an exemption up to the assessed valuation of five thousand dollars may be allowed on each apartment occupied by a tenant-stockholder or member of a cooperative apartment corporation... ." Article VII, Section 6, Florida Constitution, providing for homestead exemption from taxation was the controlling constitutional provision considered in Ammerman v. Markham. The Court did not clothe cooperative apartments with homestead status; it merely sustained the statutory implementation of Article VII, Section 6, Florida Constitution, governing tax exemption for homesteads. In holding that the widow was not entitled to homestead in the deceased's cooperative apartment, the District Court of Appeal in the case sub judice said:
"This does not conflict with the decision in Ammerman v. Markham, 222 So.2d 423 (Fla. 1969), which provides that the homestead exemption is applicable to cooperative apartments solely for the purpose of taxation." In re: Estate of Wartels, supra, at 50.
We agree with this conclusion.
Section 196.041, Florida Statutes (1973) grants homestead exemption to a tenant-stockholder or member of a cooperative apartment corporation who is entitled to occupy for dwelling purposes an apartment in a building owned by the corporation. By specific provision this creation of homestead *711 status is "for the purpose of homestead exemptions from ad valorem taxes and no other purpose ... ." (Emphasis supplied)
The District Court of Appeal was correct in holding that a cooperative apartment may not be considered homestead property for the purpose of subjecting it to Florida Statutes regulating the descent of homestead property.
By accepting the certification we have jurisdiction to consider the other issues in the case. They were correctly determined by the District Court of Appeal.
We, therefore, approve the opinion of the District Court of Appeal and discharge the writ of certiorari.
It is so ordered.
OVERTON, C.J., and ENGLAND, HATCHETT and KARL, JJ., concur.