OVERTON, Justice.
This is a direct appeal from a judgment of the circuit court of Broward County holding the documentary stamp tax set forth in section 201.02(2), Florida Statutes (1977),[1] could only be applied prospectively and further holding section 201.02(3), Florida Statutes (1977),[2] unconstitutional. We have jurisdiction.[3]
*2 These statutory subsections concern the taxation of ownership interests in cooperative apartments, ’ and subsection 201.02(3) requires cooperative apartment owners to record stock certificates which reflect an interest in the cooperative apartments. The Department of Revenue asserts that both of these subsections retroactively apply to owners of cooperative apartments who received their ownership interests prior to enactment of the subsections.
We reject the contention of the appellant, Department of Revenue, that these statutes may be retroactively applied and to that extent affirm the trial court’s final judgment. We reverse the holding of the trial court that section 201.02(3) is unconstitutional for violation of appellees’ privacy rights because appellees are unaffected and have no standing to complain.
The relevant facts reflect that in August, 1968, the Swinscoes bought shares of Burton Point, Inc., entitling them to occupy a cooperative apartment. At the time of the purchase, the Swinscoes did not pay any documentary stamp tax nor did they record their stock certificate. Subsequently, the legislature adopted section 201.02(2) in 1970 and section 201.02(3) in 1971[4] requiring payment of documentary stamp taxes by cooperative apartment owners and recordation of stock certificates evidencing such ownership. The Department of Revenue construed these sections to have retroactive application and in 1971 wrote Burton Point, Inc., advising that all present and future members must record their certificates and that taxes were due retroactively without limitation regarding date of acquisition of an apartment.
In August of 1974 the Department of Revenue notified the Swinscoes that documentary stamp taxes were due from them in the amount of $213.20. The Swinscoes brought this suit as a class action seeking to have the assessment cancelled and section 201.02(3) declared unconstitutional. The trial court found in favor of the Swinscoes and enjoined the Department from the collection of these taxes from the Swinscoes or anyone else similarly situated for the purchase of cooperative apartments prior to October 1,1970. In addition, the trial court found that section 201.02(3) was unconstitutional on the grounds that it violated appel-lees’ right to privacy and denied them equal protection of the law.
The appellant Department of Revenue contends that stockholders in cooperative apartments hold “an interest in land.” Appellant further contends that section 201.02 has provided for taxation on documents transferring “interest in lands” since 1931 and the adoption of sections 201.02(2) and 201.02(3) merely clarified the predecessor statute and in no way created a new tax on cooperative apartments. The appellant concedes its position that the tax is retroactively collectible is dependent upon a determination that cooperative apartments constitute “interest in land.” We reject the Department of Revenue’s contention. This Court, in In re Estate of Wartels, 357 So.2d 708 (Fla.1978), had before it the question of whether a cooperative apartment could be considered homestead property for the purpose of subjecting it to the statutes regulating the descent of homestead property. We distinguished a cooperative apartment ownership from ownership in a condominium and held that “[T]he purchaser of a cooperative apartment unit does not hold any type of proprietary interest in either the apartment itself or the apartment building containing the apartment unit, or the land upon which the building is situated.” 357 So.2d at 709. We further specifically held that a cooperative apartment was not an interest in land for the purposes of descent and distribution under the homestead laws *3 of this state except for the allowance of a homestead tax exemption as specifically provided in section 196.041, Florida Statutes.[5]
Other jurisdictions have likewise ruled that stockholders of a cooperative housing corporation do not acquire interest in real property held by the corporation. See Schaffer v. Eighty-One Hundred Jefferson Ave. E. Corp., 267 Mich. 437, 255 N.W. 324 (1934); State Tax Comm’n v. Shor, 84 Misc.2d 161, 378 N.Y.S.2d 222 (Sup.Ct.1975).
The basis for the Department’s contention that' these cooperative apartments are “interests in land” has no foundation unless we take the illogical position that stock in cooperative apartments is an interest in land for tax collection purposes under the tax collecting statute but is personal property for the purposes of descent and distribution. We reject this reasoning.
Our holding does not mean that the legislature cannot properly tax the holders of cooperative apartment stock prospectively. Since the appellee Swinscoes purchased their apartment in 1968, they would not be subject to the tax imposed by. these statutes under their prospective application. Under these circumstances, there is no basis for a holding by the trial court that section 201.02(3) is unconstitutional because it violated the Swinscoes’ right to privacy and denied them equal protection of the law. The statute in its present form is simply not applicable to the Swinscoes. The plaintiff-appellees had no standing to constitutionally challenge the prospective application of the statute, and the lower court’s holding that the statute is unconstitutional must therefore be reversed.
For the reasons expressed, we affirm the trial court’s holding that the statute is unconstitutional in its retroactive application but reverse the holding of the trial court that the statute is unconstitutional in its prospective application,
It is so ordered.
ENGLAND, C. J., ADKINS, BOYD, SUNDBERG and ALDERMAN, JJ., and VANN, Associate Justice, concur.

. Enacted by the legislature in 1970 by chapter 70-304.

. Enacted by the legislature in 1971 by chapter 71-362.

. Art. V, § 3(b)(1), Fla.Const.

. § 201.02, Fla.Stat. (1977):
(2) The tax imposed by subsection (1) of this section shall also be payable upon documents by which the right is granted to a tenant-stockholder to occupy an apartment in a building owned by a cooperative apartment corporation.
(3) The tax imposed by subsection (2) shall be paid by the purchaser, and the document recorded in the office of the clerk of the circuit court as evidence of ownership.

. In re Estate of Wartels, 357 So.2d 708 at 710-11 (Fla. 1978):
Section 196.041, Florida Statutes (1973) grants homestead exemption to a tenant-stockholder or member of a cooperative apartment corporation who is entitled to occupy for dwelling purposes an apartment in a building owned by the corporation. By specific provision this creation of homestead status is “for the purpose of homestead exemption from ad valorem taxes and for no other purpose . . (Emphasis supplied)