Randy Miller Executive Director, Department of Revenue Tallahassee
QUESTION:
If a person meets the qualifications for both exemptions established in ss. 196.202 and 196.031(3)(d), F. S. (as created by s. 3, ch. 79-332, Laws of Florida), does such person qualify for a homestead exemption for taxes levied by governing bodies of school districts in the amount of $25,000 or $25,500?
SUMMARY:
An individual who meets all criteria is entitled to an exemption from the school district levy in the amount of $25,000 and may also be entitled to the $500 exemption of s. 3(b), Art. VII, State Const. (for widows or blind or totally and permanently disabled persons), and s. 196.202, F. S., which may be applied, but is not limited, to homestead property.
In 1979 the Legislature passed Senate Joint Resolution (S.J.R.) 1-B, proposing to amend s. 6, Art. VII, of the State Constitution by increasing to $25,000 the homestead tax exemption for school district levies. The amendment, which was approved by the electors on March 11, 1980, provides, in pertinent part, `[b]y general law and subject to conditions specified therein, the [homestead] exemption shall be increased to a total of twenty-five thousand dollars of the assessed value of the real estate for each school district levy.' Section 6(c), Art. VII, State Const.
Additionally, and subject to elector approval of S.J.R. 1-B, s.196.031, F. S., was amended to implement the increase in the exemption for school district levies. Section 3, ch. 79-332, Laws of Florida. Thus, s. 196.031(3)(d) grants the increase in the exemption to those entitled to the basic $5,000 exemption under s.196.031(1). That is, the claimant must have either legal or equitable title to real property and maintain his or her own permanent residence, or the permanent residence of another person legally or naturally dependent upon him or her, thereon. In addition, s. 196.031(3)(d) requires the claimant to have been a resident of the state for 5 consecutive years prior to claiming the exemption.
As a result of these recent changes and under the existing scheme, except for school district levies, a qualified claimant may receive the basic homestead exemption of $5,000 (s. 6(a), Art. VII, State Const., and s. 196.031(1), F. S.), an increase of $5,000 to a maximum of $10,000 if over the age of 65 (s. 6(c), Art. VII, and s. 196.031(3)(a)), or an increase to a maximum of $9,500 if totally and permanently disabled (s. 6(c), Art. VII, and s. 196.031(3)(b)). With regard to school district levy, the recent amendment requires the exemption to be increased to a total of $25,000 (s. 6(c), Art. VII, and s. 196.03(3)(d), discussed supra).
Aside from the available homestead exemptions, s. 196.202, F. S., provides a tax exemption for property to the value of $500 for every widow, blind person, or totally and permanently disabled person who is a bona fide resident of the state. This provision is the legislative implementation of s. 3(b), Art. VII, State Const.;see AGO 074-353. Unlike the increases in the homestead exemption available under s. 196.031, F. S., the $500 tax exemption provides through s. 196.202 is a separate and distinct amount which is not limited to homestead property. The exemption may be applied to homestead or other taxable property owned by the claimant. Attorney General Opinion 073-325.
However, s. 196.031(3)(c), F. S., prevented a claimant from aggregating exemptions to which he or she was entitled by setting the limit at $10,000. Prior to the effective date of ch. 79-332, Laws of Florida, the statute provided:
 No homestead shall be exempted under both paragraphs (a) [granting an increase for the aged] and (b) [granting an increase for a totally and permanently disabled person]. In no event shall the combined exemptions of s. 196.202 and this section exceed $10,000.
Thus, in applying s. 191.031(3)(c) to various issues that arose prior to the amendment of Art. VII, this office has concluded that combined exemptions could not exceed $10,000. As stated in AGO 074-353:
 The legal effect of [s. 196.031(3)(c), ch. 74-264, Laws of Florida] is to restrict the amount of additional homestead exemption for the aged and the disabled to that amount which, together with the applicant's personal exemptions and basic five thousand dollar homestead exemption, will not exceed ten thousand dollars. However, it is additional homestead exemption that is reduced by the amount of such personal exemption or exemptions as the applicant may be eligible for . . . . (Emphasis supplied.)
A well-recognized rule of statutory construction is that an enactment of an amendment by the Legislature creates a presumption of change from the original act. That is, the fact that the amendment was enacted indicates that the Legislature intended to change the original act and change legal rights. Carlile v. Game and Fresh Water Fish Commission, 354 So.2d 362 (Fla. 1977). Stateex rel. Triay v. Burr, 84 So.2d 61 (Fla. 1920), and 1A SutherlandStatutory Construction s. 22.30 (C. Sands 4th Rev. ed. 1972). Prior to the effective date of ch. 79-332, Laws of Florida, s.196.031(3)(c), F. S., stated, `[i]n no event shall the combined exemptions of s. 196.202 and section exceed $10,000.' (Emphasis supplied.) Section 3, ch. 79-332, deleted the words `and this section' and substituted the words, `and paragraph (a) or (b).' This new language only prohibits the combined exemptions of s.196.202, F. S., and the exemptions provided in s. 196.031(3)(a) and (b) (exemptions relating to persons 65 or older and totally and permanently disabled persons) from exceeding $10,000. No reference is made to paragraph (3)(d) which allows the increase of the exemption to $25,000. Another rule of statutory construction states that the mention of one thing in a statute implies the exclusion of another — expressio unius est exclusio alterius. Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1951); and Ideal Farms Drainage District v. Certain Lands, 19 So.2d 234 (Fla. 1944). These two rules of statutory construction, when applied to this amendment, indicate that the Legislature did not intend to prohibit other exemptions in addition to the $25,000 exemption provided in s. 196.031(3)(d).
Your letter refers to s. 6(b), Art. VII, State Const., which provides in pertinent part, `[n]ot more than one exemption shall be allowed any individual or family unit or with respect to any residential unit.' Sections 3 and 6 of Art. VII concern exemptions: section 6 refers to an exemption to persons who have title to real estate and maintain a permanent residence thereon; s. 3 enumerates other tax exemptions. Comparison of these sections strongly indicates that s. 3 is a general tax exemption provision whereas s. 6 is the specific homestead tax exemption provision. The s. 6(b) limitation, then, is that no more than one homestead
exemption for an individual or family unit or with respect to any residential unit would be allowed.
By way of analogy, the State Constitution contains two `homestead exemption' provisions. Section 4, Art. X, concerns the exemption of homestead from forced sale and the devise of homestead property. Section 6, Art. VII, is the homestead tax exemption provision. The two are `homestead exemptions,' but their purposes are different. See In re Estate of Wartels v. Wartels,357 So.2d 708 (Fla. 1978), and Ammerman v. Markham, 222 So.2d 423 (Fla. 1969). Similarly, the two exemption provisions within Art. VII have two separate purposes: section 6 provides a homestead tax exemption, and s. 3 provides other tax exemptions.
Section 6(b), Art. VII, State Const., then, would not preclude persons from receiving the $25,000 homestead tax exemption on taxes levied by governing bodies of school districts and the $500 property exemption provided s. 3(b), Art. VII, State Const., implemented by s. 196.202, F. S.
Prepared by: Barbara Staros Harmon, Assistant Attorney General