774 So.2d 879 (2001)
Tyler A. GOLD, Esquire, as personal representative for the estate of Ira Alan Schwartz, Appellant,
v.
Frances SCHWARTZ, Rand P. Schwartz, Neil Schwartz, Florida Power & Light Company, Citicorp Credit Services, Inc., and Nationsbank of Delaware, N.A., Appellees.
No. 4D00-831.
District Court of Appeal of Florida, Fourth District.
January 3, 2001.
*880 Laurence I. Blair of Abrams Anton P.A., Hollywood, for appellant.
No appearance, for appellees.
STONE, J.
We reverse an order of the trial court which held that real estate owned by the decedent to which his mobile home was permanently affixed was not homestead.
The homestead provisions of the Florida Constitution provide that the homestead exemptions allowed in section 4(a) "shall inure to the surviving spouse or heirs of the owner." Art. X, § 4(b), Fla. Const.
In the proceedings below, the personal representative of this intestate estate sought a determination that the property was homestead so that it could pass to the decedent's heir free of claims of the decedent's creditors.[1]See Art. X, § 4(b), Fla. Const. As the decedent was not survived by a spouse or minor child, his mother, the sole intestate heir, qualifies as an heir for purposes of the inurement provision. See Public Health Trust of Dade County v. Lopez, 531 So.2d 946 (Fla.1988).
The trial court erred in finding that the property was not homestead. Homestead is defined by the Florida Constitution as
[O]ne hundred sixty acres of contiguous land and improvements thereon ...; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family.
Art. X, § 4(a)(1), Fla. Const. The fact that the decedent's residence was a permanently affixed mobile home rather than a traditional house constructed thereon does not render the property ineligible for homestead status, as it is undisputed that the decedent owned and resided on the subject property in the mobile home.
The term "homestead" as used in the constitution includes no definition for the term "improvements on the real property." See Art. X, § 4(a)(1), Fla. Const. In Florida, a general policy exists in favor of liberally construing homestead laws in favor of those whom the laws were designed to protect. See Snyder v. Davis, 699 So.2d 999 (Fla.1997). Black's Law Dictionary defines the term "improvement" as
A valuable addition made to property... or an amelioration in its condition, amounting to more than mere repairs or replacement ... and intended to enhance its value, beauty or utility or to adapt it for new for further purposes.
BLACK'S LAW DICTIONARY 757 (6th ed.1990).
In White v. Posick, 150 So.2d 263 (Fla. 2d DCA 1963), the court held that a pool and patio attached to a dwelling were considered part of the homestead improvements and not subject to severance for creditor's forced sale. See id. The mobile home was no less an improvement than a swimming pool and patio considered part *881 of the homestead improvements in White; furthermore, its addition to the property was patently intended to adapt the property for the owner's residence thereon. Therefore, we hold that the mobile home permanently affixed to the real estate resided in by the head of household qualifies as homestead under the Florida Constitution.
We note that while section 222.05, Florida Statutes, is inapplicable to this case because the real estate herein was owned by the decedent, that statutory provision, which allows a homestead exemption for mobile homes on leased premises but omits similar protection to mobile homes on land owned by the debtor, lends credence to the conclusion that property of this nature falls squarely within the constitutional definition of homestead, for it is unlikely that the legislature would provide protection for mobile homes on leased premises if similar protection were not already available to mobile homes on premises owned by the debtor.
Accordingly, the order of the trial court is reversed and remanded for further proceedings not inconsistent herewith.
GUNTHER and FARMER, JJ., concur.
NOTES
[1] While the result would not differ, the personal representative did not seek a determination of homestead for purposes of devise and descent, as that question is only pertinent when, unlike this case, the decedent is survived by either a spouse or minor child, in which case, the devise and descent provision forbids the decedent from devising the property to another. See Art. X, § 4(c), Fla. Const.; § 732.4015, Fla.Stat.