[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 00-14562

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2001
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00249 CV-J-20

IN RE:

YATES DEVELOPMENT, INC.,

Debtor,

YATES DEVELOPMENT, INC.

Plaintiff-Appellant,

versus

OLD KINGS INTERCHANGE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 13, 2001)**

Before BLACK and BARKETT, Circuit Judges, and HOBBS*, District Judge.

_____

* Honorable Truman M. Hobbs, U.S. District Judge for the Middle District of Alabama, sitting by designation.

BLACK, Circuit Judge:

Appellant Yates Development, Inc., the debtor and plaintiff, appeals the order of the district court, which affirmed the bankruptcy court's grant of summary judgment in favor of Appellee Old Kings Interchange, Inc., the defendant. We affirm.

## I.  BACKGROUND

The material facts are not in dispute. This case concerns a Settlement and Option Agreement dated May 22, 1998 (Option Agreement). Pursuant to the Option Agreement, Appellee, as optionor, granted Appellant, as optionee, two exclusive options: a first option to purchase a 500-acre parcel of real property (First Option), and a second option to purchase a 210-acre parcel (Second Option). Appellant exercised the First Option and purchased the 500-acre parcel. The Second Option is the subject of this litigation and is described as follows in Paragraph 4 of the Option Agreement:

> 4. SECOND OPTION: Provided [Appellant] has timely exercised the First Option and purchased the First Option Property as described above, [Appellant] shall retain the exclusive option to purchase the balance of the Property as described in Exhibit "C" ("Second Option Property") for the sum of Two Million Eighty Thousand Dollars and NO/100 ($2,080,000.00) plus the Additional Sum. Said Second Option shall expire on August 15, 1998 at 6:00 p.m. . . . In the event [Appellant] fails to exercise the First Option, then this Second Option shall be null and void. . . .

2

The "Additional Sum" is defined in Paragraph 3 of the Option Agreement as the

sum of $1,000.00 per day from May 15, 1998 until the closing on the first option.

While the parties' dispute concerns the Second Option and Paragraph 4, the

focal point of this lawsuit is Paragraph 12 of the Option Agreement.  Paragraph 12

is a "time of the essence" clause, which states:

> 12. TIME OF THE ESSENCE: Time shall be of the essence with
> respect to each provision of this Agreement that requires action to be
> taken by either party within a stated period of time, or upon a
> specified date.  Notwithstanding the foregoing, if for any reason this
> Option Agreement is extended beyond August 15, 1998 and
> [Appellant] is entitled to exercise the Option beyond the August 15,
> 1998 date, then the Purchase Price shall be increased by the sum of
> Five Thousand Dollars and NO/100 ($5,000.00) per day for every day
> after August 15, 1998 until the ultimate Closing Date.

Another pertinent provision of the Option Agreement is Paragraph 13, which

is an "integration" clause that provides:

> 13. INTEGRATION: This Option Agreement sets forth the entire
> agreement between the parties, and there are no representations,
> agreements, arrangements or understandings, oral or written, between
> the parties relating to the subject matter of this Agreement, which are
> not fully expressed herein. This Agreement may not be changed or
> terminated orally or in any manner other than by a written agreement
> executed by both parties.

Two final provisions, cited by Appellant, are Paragraph 16B and 16C.

Paragraph 16B provides in part:

> As part of the consideration for execution of this Option Agreement,
> the parties agree that [Appellant] . . . shall not oppose any Motion

3

filed by [Appellee] . . . seeking relief from or modification of the Automatic Stay of 11 U.S.C., Section 632(a) in any subsequent bankruptcy case filed by [Appellant].

Paragraph 16B further states that this provision "is a vital and material part of the consideration for [Appellee] to grant the Option," and then discusses a previous bankruptcy filing by Appellant. Paragraph 16C states in part, "[S]hould [Appellant] file any action, appeal or bankruptcy petition, this Option shall be automatically terminated." Neither paragraph is the subject matter of this litigation. Further, Appellee concedes Paragraph 16C is unenforceable under the Bankruptcy Code. Nevertheless, Appellant points to these paragraphs as evidence of the parties' intent.

On August 14, 1998, the day before the Second Option expired, Appellant filed a petition under Chapter 11 of the Bankruptcy Code. By operation of 11 U.S.C. § 108(b), Appellant's right to exercise the Second Option was extended for 60 days. On October 13, 1998, the day Appellant's right to exercise the Second Option under 11 U.S.C. § 108(b) expired, Appellant filed a motion to assume the Option Agreement under 11 U.S.C. § 365 in order to exercise the Second Option.

Initially, the bankruptcy court denied Appellant's motion, concluding that Appellant did not have the ability to exercise the option. But, after considering a renewed motion to assume, the bankruptcy court authorized Appellant to assume

the Option Agreement. Subsequently, Appellant filed the instant declaratory action, requesting that Paragraph 12 of the Option Agreement be invalidated and that Appellant be excused from paying the $5,000.00 per day increase in the purchase price. In other words, Appellant sought to purchase the 210-acre parcel for the base price of $2,080,000.00 plus the Additional Sum, but not for the $5,000 per day increase required by Paragraph 12.

The parties filed cross motions for summary judgment. The summary judgment record included the testimony of Mr. Michael Chiumento, an officer of Appellee, and an affidavit of Mr. Andrew Jacobson, an attorney for Appellant. Both the testimony and the affidavit indicated that the parties included Paragraph 12 in the Option Agreement because of a concern that Appellant might file for bankruptcy. The bankruptcy court held a hearing and granted summary judgment in favor of Appellee. *See Yates Dev., Inc. v. Old Kings Interchange, Inc. (In re Yates Dev., Inc.)*, 241 B.R. 247 (Bankr. M.D. Fla. 1999). The district court affirmed the bankruptcy court.

## II. DISCUSSION

We review de novo a bankruptcy court's grant of summary judgment. *See, e.g., Gray v. Manklow (In re Optical Techs., Inc.)*, 246 F.3d 1332, 1334 (11th Cir. 2001). Appellant presents three arguments to support its position that Paragraph

12 of the Option Agreement should not be enforced:[1]  (1) By filing its bankruptcy petition prior to August 15, 1998, Appellant timely exercised the Second Option and thus Paragraph 12 is not triggered; (2) Paragraph 12 is an unconscionable liquidated damages provision in violation of Florida law; (3) Paragraph 12 is proscribed by 11 U.S.C. § 365(e)(1).  We affirm, without opinion, the bankruptcy court's ruling on the first two arguments.  *See* 11th Cir. R. 36-1.  Only the third argument warrants discussion.

Section 365(e)(1) provides in pertinent part:

Notwithstanding a provision in an executory contract or unexpired lease, . . . an executory contract or unexpired lease of the debtor may not be terminated or modified, and any right or obligation under such contract or lease may not be terminated or modified, at any time after the commencement of the case *solely* because of a provision in such contract or lease that is conditioned on—
>        (A) the insolvency or financial condition of the debtor at any time before the closing of the case;
>        (B) the commencement of a case under this title; or
>        (C) the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement.

---

[1]  In the bankruptcy court, Appellant also argued that 11 U.S.C. § 365(b)(2)(D) voided Paragraph 12.  *See Yates*, 241 B.R. at 251, 255-56.  We do not consider this argument because Appellant has not raised it before this Court.

11 U.S.C. § 365(e)(1) (emphasis added).  In bankruptcy parlance, § 365(e)(1) forbids the enforcement of *ipso facto* clauses.  *See* 3 Collier on Bankruptcy ¶ 365.07 (15th ed. rev. 2001).

The starting point for our interpretation of a statute is always its language. *See Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 739, 109 S. Ct. 2166, 2172 (1989); *see also CBS, Inc. v. Primetime 24 Joint Venture*, 245 F.3d 1217, 1226–29 (11th Cir. 2001) (explaining that only in the rare instance where a statute produces an absurd result, should a court not apply a statute's plain meaning).  The plain meaning canon of statutory construction applies with equal force when interpreting the Bankruptcy Code.  *See Inglesby, Falligant, Horne, Courington & Nash, P.C. v. Moore (In re Am. Steel Prod., Inc.)*, 197 F.3d 1354, 1356 (11th Cir. 1999); *Burns v. United States (In re Burns)*, 887 F.2d 1541, 1545 (11th Cir. 1989); *see also Lehman v. VisionSpan, Inc. (In re Lehman)*, 205 F.3d 1255, 1255-56 (11th Cir. 2000) (noting plain meaning rule in bankruptcy case but applying absurd exception).

In the context of this case, the language of § 365(e)(1) is not ambiguous. Section 365(e)(1) proscribes solely three types of clauses — those  enumerated in subsections (A), (B), and (C) —  and nothing more.  The First Circuit has accurately described the text of § 365(e)(1):

> Given the plain language of [§ 365(e)(1)], the word 'solely' — though oddly placed — is more faithfully read to modify the word 'conditioned,' thereby clarifying that contractual termination clauses that are triggered by *conditions other than* the three listed in subsections . . . (A), (B), and (C), would *not* be invalidated by operation of section 365(e)(1).

*Summit Inv. and Dev. Corp. v. Leroux*, 69 F.3d 608, 611 (1st Cir. 1995).

The literal language of the condition in Paragraph 12 is not one of the conditions expressly proscribed by § 365(e)(1). Rather than being contingent on Appellant's bankruptcy or some other similar event, Paragraph 12 is contingent on the passage of time. ("[I]f for any reason this Option Agreement is extended beyond August 15, 1998 and [Appellant] is entitled to exercise the Option beyond the August 15, 1998 date, then the Purchase Price shall be increased . . . .") Nonetheless, Appellant contends that we should invalidate Paragraph 12 because it operates to penalize Appellant for filing a bankruptcy petition, in contravention of federal bankruptcy policies.

Where the language of a statute is plain, we will not look at legislative history, even if that legislative history evinces a contrary intent. *See CBS*, 245 F.3d at 1222, 1229. This rule applies in the context of the Bankruptcy Code. *See Inglesby*, 197 F.3d at 1356 (citing *In re ProSnax Distrib., Inc.*, 157 F.3d 414, 425 (5th Cir. 1998)). Therefore, even if we were to conclude that enforcement of

8

Paragraph 12 contravenes general bankruptcy polices, it is irrelevant to our analysis since the meaning of § 365(e)(1) is plain.

Besides urging us to go beyond the plain language of § 365(e)(1), Appellant urges us, in a similar vein, to go beyond the plain language of Paragraph 12. Stated differently, Appellant argues that we should construe Paragraph 12 as being conditioned on Appellant's filing for bankruptcy (or something similar) in contravention of § 365(e), even though the literal language of Paragraph 12 says no such thing. In making this suggestion, Appellant points to: (1) the extrinsic evidence of the parties' intent, in particular the testimony of Mr. Chiumento and the affidavit of Mr. Jacobson, and (2) the language of the entire Option Agreement, in particular the provisions in Paragraph 16B and 16C.

With respect to extrinsic evidence, the bankruptcy court correctly recognized that, under Florida law,[2] the parol evidence rule bars admission of extrinsic evidence which would vary or contradict the unambiguous language of a contract. *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1309 (11th Cir. 1998) (applying Florida law); *Lawyers Title Ins. Corp. v. JDC (America) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995) (applying Florida law). This is

---

[2] The parties have proceeded on the assumption that Florida law governs construction of the contract, and so do we.

especially true when the contract contains an integration clause indicating that the parties intended the written agreement to be the entire agreement. *See Johnson*, 162 F.3d at 1309. In this case, Paragraph 12 of the Option Agreement is unambiguous, and Paragraph 13 is an integration clause. Therefore, reliance on extrinsic evidence would be improper.

With respect to Paragraphs 16B and 16C, Appellee concedes that, when construing a contract, a court should look to the whole contract. *See, e.g., Transp. Rental Sys., Inc. v. Hertz Corp.*, 129 So. 2d 454, 456 (Fla. 3d DCA 1961). Both Paragraphs 16B and 16C reveal that Appellant's potential bankruptcy was on the minds of the parties when they entered into the contract. Moreover, as Appellee concedes, Paragraph 16C is an illegal *ipso facto* clause. But none of this changes the plain language of Paragraph 12 and transforms that provision into one of the three disallowed conditions under § 365(e)(1). Under the plain language of Paragraph 12, Appellant and Appellee negotiated for an increased price on the 210-acre parcel in the event Appellant exercised the Second Option after August 15, 1998. Appellant is perhaps unhappy with the bargain it struck. Regardless, "[i]t is never the role of a . . . court to rewrite a contract to make it more reasonable for one of the parties or to relieve a party from what turns out to be a bad bargain."

*Barakat v. Broward County Hous. Auth.*, 771 So. 2d 1193, 1195 (Fla. 4th DCA 2000).

## III. CONCLUSION

In this declaratory bankruptcy action, Appellant has asked us to rewrite the unambiguous language of 11 U.S.C. § 365(e)(1) and to rewrite the unambiguous language of a contract provision. We shall do neither. The bankruptcy court and the district court were both correct in concluding that Appellee was entitled to summary judgment.

AFFIRMED.