RAMIREZ, J.
The husband, A. Glenn Braswell, appeals an order that denied his motion to dissolve an injunction based upon his claim of homestead on four residential condominium units. The wife, Renee Braswell, cross-appeals the trial court’s ruling that only 6.7034% of Glenn’s condominium roof be attributed to Glenn’s ownership interest in the roof. We reverse the trial court’s determination that Glenn’s ownership interest in the four units exceeded the one-half acre or 21,780 square feet limitation under the Florida Constitution, and affirm the cross-appeal.
Following the parties’ Mediated Settlement Agreement, Renee obtained three final judgments in the sum of $18 million against Glenn. In September 2002, the trial court entered an injunction so as to prevent Glenn from transferring assets outside of the court’s jurisdiction, and affirmed the injunction on various occasions through the issuance of various orders. The assets included four residential penthouse condominium units grouped into a single-level condominium located at 1500 Ocean Drive, Miami Beach, Florida. The condominium documents declared that Glenn had a 6.7034% interest in the common and limited common elements of the property.
Glenn moved to dissolve the injunction arguing that the property was his homestead, and was thus exempt from levy and any forced sale by creditors. Renee argued that the injunction should remain in effect because Glenn’s four units exceeded the one-half acre limitation imposed by the Constitution on homesteads located within a municipality. Renee also argued that: the condominiums were separate residences, Glenn lived in only one of the four units, Glenn intended to live in one unit temporarily, Glenn used part of the condominiums as a business, and that, even if the property was indeed Glenn’s homestead, an equitable lien should be imposed on the property because Glenn owed family support and had engaged in fraudulent conduct.[1] Renee argued that the total square footage for homestead purposes was 37,599 square feet. She calculated the total based upon the following: 11,355 square feet for all of the four units, plus 17,559 square feet representing Glenn’s share of the common elements (6.7034% of 261,945 square feet), plus 8,685 square feet representing Glenn’s use of the portion of the roof.
After a five day hearing ensued, the trial court concluded that Glenn’s square footage for homestead purposes was 29,496, including the square footage attributed to his interest in the common and limited common elements. The court first determined that the total common and limited elements consisted of 270,630 square feet, which combined 226,676 square feet attributed to the common elements and 43,954 square feet attributed to the limited common areas. The court applied Glenn’s 6.7034% ownership in the common and limited common elements to the 270,630 square feet for the common and limited common areas and arrived at 18,141 *381 square feet as the total for the common and limited common elements. The court then applied the total square footage of Glenn’s condominium units or 11,355 square feet to the 18,141 square feet total for the common and limited common elements to arrive at 29,496 square feet (0.677 acre) for homestead purposes.
This is a case of first impression. We are asked to construe the constitutional homestead exemption in the context of a condominium. Article X, § 4(a)(1), Florida Constitution, protects homestead property from forced sale, as follows:
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a hen thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead, ... if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner’s family; ...
Renee does not dispute that a condominium residence qualifies as homestead. See King v. King, 652 So.2d 1199 (Fla. 4th DCA 1995). Renee argues, however, that Glenn’s condominium does not qualify for the exemption because it exceeds one-half acre of contiguous land. Admitting that the literal wording of the constitutional provision is not helpful, she argues that it cannot be applied so literally to the condominium form of ownership.
This is not a situation where the trial court took the land directly under the condominium then added Glenn’s 6.7034% ownership of all land under the common elements. The trial court aggregated the square footage of every floor of the building and added it to the square footage of land, including the terraces, hallways, conduit easements, duct and plumbing easements, lobbies, garages, basements, pools and rooftops. The court used this total of 226,676 square ■ feet of common element, plus 43,954 square feet of limited common elements, for a grand total of 270,630 and then applied the 6.7034% (18,141 square feet) and added it to the square footage of his condominium to total 0.677 acre. Under this approach, the reference to “land” in the constitutional provision would lose all meaning. Instead, we would be measuring each floor of space in multi-level housing, and adding it to the square footage of land, thereby depriving the owners of their constitutional protection against forced sales. Thus, someone who purchased property under the half-acre limit could be found to have exceeded it by aggregating the square footage of the basement, plus the second and third floors of their residences. We cannot agree that such an approach is compatible with the language of the constitutional provision, whether we take a literal or expansive interpretation. Instead, such an approach would redraft the provision to read “land, plus the square footage of any multi-level construction beyond the one level.”
For the same reasons set forth in this opinion we reject Renee’s argument on cross-appeal that the trial court improperly calculated the square footage of the roof.
Reversed and remanded.
GREEN, J., concurs.

. As the trial court only ruled on the one-half acre issue, we express no opinion as to Renee's other arguments, which she is free to pursue upon remand.