958 So.2d 425 (2007)
Peggy Ann PHILLIPS, et al., Appellants,
v.
Janice HIRSHON, etc., et al., Appellees.
Nos. 3D05-620, 3D05-619.
District Court of Appeal of Florida, Third District.
May 2, 2007.
*426 Ruden, McClosky, Smith, Schuster and Russell and John H. Pelzer and Brigid F. Cech, Fort Lauderdale; King and Lancaster and Kenneth G. Lancaster, Miami, for appellant.
Jay M. Levy, Miami; Golden, Cowan & Toister, for appellee.
Before SHEPHERD, J., and SCHWARTZ and LEVY, Senior Judges.
SHEPHERD, J.
David J. Levine, a minor, through his natural guardian and mother, Peggy Ann Phillips, together with his brother, Joseph A. Levine, appeal identical orders dismissing their petitions to impress a co-operative residential apartment located in Miami-Dade County with the character of protected homestead for purposes of the devise and descent provision of Florida's homestead law, Article X, section 4(c) of the Florida Constitution (2003). That provision prohibits the devise of homestead property where the owner is survived by a spouse or minor child. The Levine brothers urge that because their father occupied the co-operative apartment under a long-term proprietary lease received in conjunction with his purchase of his interest in the co-op, the property is protected homestead property under Florida law. Applying the principle of stare decisis, we affirm the decision of the trial court on authority of In re Estate of Wartels v. Wartels, 357 So.2d 708 (Fla.1978), which expressly holds "that a cooperative apartment may not be considered homestead property for the purpose of subjecting it to Florida Statutes regulating the descent of homestead property." Id. at 711 (construing Article X, section 4(a)(1), Fla. Const.). At the same time, we certify to the Florida Supreme Court as a question of great public importance under Article V, section 3(b)(4) of the Florida Constitution, whether its decision in Wartels has continuing vitality in light of subsequent legislative action. We also find certifiable, direct conflict between our decision today and the decision of the Fourth District Court of Appeal in S. Walls, Inc. v. Stilwell Corp., 810 So.2d 566 (Fla. 5th DCA 2002), which construed the same section of Article X, section 4 of the Florida Constitution upon which the Wartels court relied to deny the benefit of homestead to an heir in the devise and descent context of Article X, section 4(c) to nevertheless afford the benefit of homestead protection from a forced sale under Article X, sections 4(a) and 4(b) of the same constitutional provision.

FACTUAL AND PROCEDURAL BACKGROUND
Robert M. Levine died testate on April 1, 2003, survived by two children, Joseph Levine and David Levine. When Robert died, David was a minor. Robert resided in a penthouse suite in the Island House, a high rise cooperative apartment building in Key Biscayne, Florida. His will, admitted to probate, devised the co-op property as follows: "I give to my lifetime friend, KAREN J. ORLIN, a life estate in my co-op located at 200 Ocean Drive, Apartment PA3, Key Biscayne, Florida."[1]
*427 After their father's death, Joseph and David filed separate petitions to determine homestead. The thrust of their argument to the trial court was that the co-op was homestead property in the hands of their father at the time of his death and therefore not subject to devise by him under Article X, section 4(c) of the Florida Constitution, which declares that "homestead shall not be subject to devise if the owner is survived by a spouse or minor child." The brothers contend that because David was a minor, the bequest under the will fails and the property passes outside of the estate, and therefore, the brothers now share the father's interest in the co-op on an equal basis as a matter of law. Cutler v. Cutler, 32 Fla. L. Weekly D583, D585, ___ So.2d ___, ___, 2007 WL 601866 (Fla. 3d DCA Feb. 28, 2007)(including cases collected)("[I]t is the settled law of this state that upon the death of a decedent, `protected homestead' passes outside the estate.")(internal citation omitted); §§ 732.101(1), 732.103(1), 732.104, Fla. Stat. (2003)("Any part of the estate of a decedent not effectively disposed of by will passes . . . if there is no surviving spouse . . . to the lineal descendants of the decedent . . . per stirpes."). Ms. Orlin's motion to dismiss each petition on the ground that the co-op was not homestead property within the meaning of Article X, section 4 of the Florida Constitution was granted with prejudice. From these orders, the brothers appeal.[2]

ANALYSIS
As the Florida Supreme Court noted in Snyder v. Davis, 699 So.2d 999, 1001-02 (Fla.1997), homestead under Florida law is given meaning in three different contexts: taxation, exemption from forced sale, and devise and descent. See also Cutler, 32 Fla. L. Weekly at D584, ___ So.2d at ___ ("[T]here are three kinds of homestead with one purpose: preserving the family home for its owner and heirs."). The legal parentage for the first benefit accruing to the owner of homestead property  an exemption from taxation  is Article VII, section 6 of the Florida Constitution. The legal parentage of the latter two  forced sale and devise and descent  is Article X, section 4.[3] This section reads, in its entirety:
§ 4. Homestead; exemptions. 
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be *428 reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family;
(2) personal property to the value of one thousand dollars.
(b) These exemptions shall inure to the surviving spouse or heirs of the owner.
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law.
Art. X § 4, Fla. Const. (2003). A cursory reading of Article X, section 4 reveals that while the constitutional benefits of the forced sale exemption and devise and descent restriction are voiced in different subsections of Article X, section 4  compare Article X, § 4(a); (b)(forced sale) with Article X, § 4(c)(devise and descent)  these protections have in common Article X, section 4(a)(1), which defines the physical extent of the benefit if allowable.
It was in reliance upon this common subsection that the Florida Supreme Court thirty years ago in Wartels concluded "that a cooperative apartment may not be considered homestead property for the purpose of subjecting it to Florida Statutes regulating the descent of homestead property." Wartels, 357 So.2d at 711. The Wartels Court stated:
The words contained in Article X, Section 4(a)(1) "to the extent of one hundred sixty acres of contiguous land" and the words "if located within a municipality, to the extent of one-half acre of contiguous land" have been repeatedly defined to mean that homestead property must consist of an interest in realty.
Id. at 710 (emphasis added)(internal citations omitted).
The brothers concede that unless Wartels is distinguishable, their appeal lacks merit. They argue that following the date of the operative factual scenario under which Wartels was decided, the Florida legislature adopted a new Cooperative Act, Chapter 719, Florida Statutes (1977) et seq., 76-222, Laws of Florida (effective January 1, 1977), which places co-ops on equal footing with all other "interest[s] in realty", as defined by Wartels, which have long been eligible to be impressed with the character of homestead for purposes of devise and descent if, of course, they otherwise meet the requirements necessary to be afforded such a benefit. Cutler, 32 Fla. L. Weekly at D584, ___ So.2d at ___ (setting forth requirements). The brothers have standing to make this argument because, unlike the decedent in Wartels, the decedent in this case died subsequent to the effective date of Chapter 719. See In re Estate of Geringer, 300 So.2d 710, 711 (Fla. 3d DCA 1974)(stating that probate is governed by law in effect at time of decedent's death).
Although at common law the term "real property" was deemed "co-extensive with lands, tenements, and hereditaments," Ammerman, 222 So.2d at 425, the meaning and application of the term can be varied by legislative action. Id. As the Florida Supreme Court stated in Ammerman:

*429 [T]the term may be defined in different statutes or for different purposes. See 73 C.J.S. Property s. 2, p. 152. For example, Fla. Stat., s. 421.03(12), F.S.A. defines `real property' for the purposes of the housing authorities law; Fla. Stat., s. 475.01(11), F.S.A. defines `real property' for the purposes of the real estate license law; Fla. Stat., s. 713.01(14), F.S.A. defines `real property' for the purposes of the mechanics lien law. These definitions vary, because the statutory definitions usually apply only to the term as used in the particular statutory provision.
Id. (emphasis added). We have recognized this legal principle. Miami Country Day Sch. v. Bakst, 641 So.2d 467, 469 (Fla. 3d DCA 1994)(holding that a houseboat in a fixed location connected to a dock was a "dwelling house" within the meaning of section 222.05 of the Florida Statutes (1993), defining when certain homesteads located on leased properties are entitled to protection from forced sale under Article X, section 4(a)).
Applying this principle, the brothers argue that by adopting Chapter 76-222 of the Laws of Florida, the legislature intended to separate out from Chapter 711 of the Florida Statutes, which then governed both condominiums and co-operative apartments, see Ch. 711, Fla. Stat. (1975)("Condominiums and Cooperative Apartments"), those provisions pertaining to condominiums from those pertaining to cooperative apartments, and imbue both with the same dignity as "interests in realty." Cf. Op. Att'y Gen. 071-19 (February 9, 1971)(opining that absent "express legislative definition," a co-op "would not [fall] within the provision of Art. X § 4, State Const., restricting devise of a homestead under stated conditions"). To that end, the brothers point out that the purpose of the new Cooperative Act, Ch. 719, Fla. Stat. (1977), was "to give statutory recognition to the cooperative form of ownership of real property," see § 719.102, Fla. Stat. (1977), a provision paralleling section 718.102 of the new Condominium Act, Ch. 718, Fla. Stat. (1977), which reconfirmed that the purpose of the Condominium Act was to "give statutory recognition to the condominium form of ownership of real property." § 718.102, Fla. Stat. (1977). Cf. § 711.02, Fla. Stat. (1975)("The purpose of this law is to give statutory recognition to the condominium form of ownership of real property."). They further point out that section 719.103(a) of the Cooperative Act has, since the date of the adoption of the Act, defined a "cooperative" as "that form of ownership of improved real property in which there are units subject to ownership by one or more owners, and the ownership is evidenced by an ownership interest in the association and a lease or other muniment of title or possession granted by the association as the owner of the cooperative property." 76-222 Laws of Florida, § 2. It is well recognized that a condominium is homestead property that is subject to protection under Article X, section 4 of the Florida Constitution. See, e.g., Braswell v. Braswell, 890 So.2d 379 (Fla. 3d DCA 2004).
Although the brothers' argument is intriguing, we consider that our proper institutional role obligates us to adhere to Wartels. See Hoffman v. Jones, 280 So.2d 431, 434 (Fla.1973)(cautioning the District Courts of Appeal to always be mindful of their institutional place). In so doing, we note that the language of the Florida Supreme Court in Wartels is of relatively recent vintage and sweeping in its tone. If we were to exhibit disagreement with Wartels  a sentiment that should not be taken from this opinion  we potentially would throw the law of this state into havoc. Id. ("To allow a District Court of Appeal to overrule controlling precedent *430 . . . would be to create chaos and uncertainty in the judicial forum, particularly at the trial level."). The better course is to affirm and certify.
Finally, we certify direct conflict under Article V, section 4(b)(4) of the Florida Constitution between our decision today and the Fifth District Court of Appeal's post-Wartels decision, S. Walls, Inc. v. Stilwell Corp., 810 So.2d 566 (Fla. 5th DCA 2002). In S. Walls, that court asked "whether a co-op constitutes a homestead under Florida law so as to render it exempt from forced sale under Article X, section 4(a)(1) [of the Florida Constitution]" id. at 568 (emphasis added), the same subsection under which Wartels found that a co-op is not exempt for the purpose of the devise and descent subsection of Article X, section 4. Wartels, 357 So.2d at 711; Article X, § 4(a)(first paragraph); Article X, § 4(b). The Fifth District in S. Walls found that the same provision that failed to provide a devise and descent benefit transmuted itself when applied to a forced sale. Drawing upon the law of homestead as it applies to taxation, the Fifth District pronounced that "homestead will be given different meanings depending upon the context in which it is used." S. Walls, 810 So.2d at 568-69. The court continued:
It is inconceivable that the owner of a co-operative apartment can receive the relatively nominal benefit of the exemption for tax purposes while fac[]ing the seizure of the property by creditors. The public policy underlying the homestead exemption from forced sale is clearly more compelling than the public policy underlying the tax exemption. The homestead exemption should ensure more protection from forced sale than it receives from the tax exemption, not less as the Trustee contends.
Id. at 571 (citing In re: Dean, 177 B.R. 727, 729-30 (Bankr.S.D.Fla.1995)). Although we agree that homestead can be given different meanings in different contexts, see S. Walls, 810 So.2d at 568-69, we respectfully submit that the courts may not diverge when interpreting the same subsection of the Florida Constitution, even if it seems to make good policy. See Camps Newfound/Owatonna, Inc. v. Town of Harrison, Maine, 520 U.S. 564, 618, 117 S.Ct. 1590, 137 L.Ed.2d 852 (1997)(Thomas, J., dissenting)(ruing the ultimate mischief caused, in his view, by the misuse of the Commerce Clause by courts "to make policy-laden judgments that we are ill equipped and arguably unauthorized to make"). That is the circumstance here.
As the Florida Supreme Court noted but ten years ago in granting certiorari in Snyder, 699 So.2d at 1001, "[t]he circumstances under which a homestead may be devised while still retaining its protections against creditors present a significant issue for both the legal profession and the public in general. All Floridians need to fully understand. . . ." Similarly here, we believe it important for all Floridians to fully understand the extent to which co-operative apartments  a relatively recent but not unusual method of holding property in this state  are subject, if at all, to the burdens and benefits of Florida's homestead law. For this reason, we certify the following questions to the Florida Supreme Court as questions of great public importance:
DOES THE FLORIDA SUPREME COURT'S DECISION IN IN RE ESTATE OF WARTELS V. WARTELS, 357 So.2d 708 (Fla.1978), HAVE CONTINUING VITALITY IN LIGHT OF THE ADOPTION BY THE FLORIDA LEGISLATURE OF THE COOPERATIVE ACT, CHAPTER 76-222, LAWS OF FLORIDA?

*431 IF THE ANSWER IS YES, IS IT LEGALLY PERMISSIBLE TO INTERPRET ARTICLE X, SECTION 4(a)(1) OF THE FLORIDA CONSTITUTION DIFFERENTLY FOR FORCED SALE PURPOSES THAN DEVISE AND DESCENT PURPOSES UNDER ARTICLE X, SECTION 4 OF THE CONSTITUTION?
Decision below affirmed; questions certified; direct conflict certified.
NOTES
[1] We do not address whether the conveyance made by the decedent to his friend, Karen J. Orlin, was legally effective.
[2] We have jurisdiction. See Cutler, 32 Fla. L. Weekly at D586, n. 2, ___ So.2d at ___, n. 2.
[3] It is well appreciated in the case law concerning homestead that the definition of homestead property for Article VII, section 6 purposes is not the same as Article X, section 4 of the Florida Constitution. See, e.g., Wartels, 357 So.2d at 710-11 (approving sentiment expressed in In re: Estate of Wartels v. Wartels, 338 So.2d 48 (Fla. 3d DCA 1976), that denial of the protection of homestead in devise and descent section of Article X, section 4(c) of the Florida Constitution "does not conflict with the decision in Ammerman v. Markham, 222 So.2d 423 (Fla.1969), which provides that the homestead exemption is applicable to cooperative apartments solely for the purpose of taxation"); S. Walls, 810 So.2d at 570 ("homestead provisions relating to taxation do not necessarily control the determination of homestead as it relates to the exemption from forced sale").