In re Richard LISOWSKI, Debtor.

No. 8:07–bk–8495–PMG.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 23, 2008.

Ian R. Leavengood, Ryan N. Singleton, Leavengood & Nash, PA, St. Petersburg, FL, for Debtor.

## ORDER ON (1) TRUSTEE'S OBJECTION TO DEBTOR'S AMENDED CLAIM OF EXEMPTIONS, AND (2) MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Trustee's Objection to Debtor's Amended Claim of Exemptions, and the Trustee's Motion to Compel Turnover of Property of the Estate.

In this Chapter 7 case, the Debtor, Richard Lisowski, has claimed a mobile home on leased land as his exempt homestead under § 222.05 of the Florida Statutes. The issue is whether the Debtor is also entitled to claim up to $4,000 in personal property as exempt pursuant to § 222.25(4) of the Florida Statutes.

A debtor may claim the personal property exemption provided by § 222.25(4) if the debtor "does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution." Because § 222.05 creates a separate statutory exemption and does not simply implement or extend the Constitutional homestead exemption, a claim of exemption based on § 222.05 of the Florida Statutes is not a claim of exemption "under" the Florida Constitution. Consequently, the Debtor is entitled to claim the personal property exemption allowed pursuant to § 222.25(4) of the Florida Statutes.

### Background

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on September 17, 2007. The petition was filed in the Bankruptcy Court for the Middle District of Florida.

On his Schedule of Real Property (Schedule A) filed with the petition, the Debtor listed his interest as a joint tenant in the following property:

Homestead:

1989 Figen 26 × 52 FH381790A–B

(the Homestead Property). The Homestead Property was not listed on the Debtor's Schedule of Personal Property (Schedule B). On his initial Schedule of Property Claimed as Exempt (Schedule C), the Debtor claimed his interest in the Homestead Property as exempt pursuant to article X, section 4(a)(1) of the Florida Constitution, and § 222.01, § 222.02, and § 222.05 of the Florida Statutes. The Debtor also claimed the following personal property as exempt: (1) various household goods and personal effects, pursuant to article X, section 4(a)(2) of the Florida Constitution, and (2) his vehicle, to the extent of $1,000.00 in value, pursuant to § 222.25(1) of the Florida Statutes.

On October 30, 2007, the Debtor filed his first Amended Schedule A, Amended Schedule B, and Amended Schedule C. (Doc. 8). On his first Amended Schedule C, the Debtor again claimed his Homestead Property as exempt pursuant to article X, section 4(a)(1) of the Florida Constitution, and § 222.01, 222.02, and 222.05 of the Florida Statutes. On November 23, 2007, the Chapter 7 Trustee filed an Objection to the Debtor's Amended Claim of Exemptions. (Doc. 12). In the Objection, the Trustee asserted that the value of the personal property claimed as exempt ex-

ceeded the amount allowed under Florida law. On November 26, 2007, the Court entered an Order Sustaining the Trustee's Objection to Property Claimed as Exempt. (Doc. 13). On February 21, 2008, the Trustee filed a Motion to Compel Turnover of Property of the Estate. (Doc. 24). In the Motion, the Trustee requested the entry of an Order directing the Debtor to turn over his personal property to the extent that it exceeded the allowable exemptions under Florida law.

On March 20, 2008, the Debtor filed a second Amended Schedule of Property Claimed as Exempt. (Doc. 30). In the second Amended Schedule, the Debtor no longer relies on the Florida Constitution as a basis for claiming his Homestead Property as exempt. Instead, the Debtor claims his interest in the Homestead Property as exempt solely pursuant to § 222.05 of the Florida Statutes, the "Modular Home Exemption." Further, in his second Amended Schedule, the Debtor claims that his household furnishings are exempt pursuant to § 222.25(4) of the Florida Statutes, instead of the Florida Constitution as previously claimed. Finally, the Debtor claims $1,905.00 of the total value of his vehicle as exempt pursuant to § 222.25(4) of the Florida Statutes, in addition to the $1,000.00 initially claimed as exempt pursuant to § 222.25(1) of the Florida Statutes.

On March 31, 2008, the Trustee filed an Objection to the Debtor's Amended Claim of Exemptions. (Doc. 32). In the Objection, the Trustee asserts that the Debtor is not entitled to claim any personal property as exempt under § 222.25(4) of the Florida Statutes, because he has claimed or received the benefit of a homestead exemption under article X, section 4 of the Florida Constitution.

**Discussion**

■ Article X, § 4(a)($l$) and (2) of the Florida Constitution provide:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, . . . the following property owned by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, . . . ; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family.

(2) personal property to the value of one thousand dollars.

. . .

Fla. Const. art. X, § 4.

Section 222.05 of the Florida Statutes provides:

**222.05. Setting apart leasehold**

Any person owning and occupying any dwelling house, including a mobile home used as a residence, or modular home, on land not his own or her own which he or she may lawfully possess, by lease or otherwise, and claiming such house, mobile home, or modular home as his or her homestead, shall be entitled to the exemption of such house, mobile home, or modular home from levy and sale as aforesaid.

Fla. Stat. 222.05.

Section 222.25(4) of the Florida Statutes provides:

**222.25. Other individual property of natural persons exempt from legal process**

The following property is exempt from attachment, garnishment, or other legal process:

. . .

(4) A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art, X of the State Constitution.

Fla. Stat. 222.25(4).

In this case, the Debtor asserts that he is entitled to the expanded personal property exemption provided under § 222.25(4), because he does not "claim or receive the benefits of a homestead exemption under s. 4, Art. X" of Florida's Constitution. Although the Debtor owns and resides in a mobile home, he leases the underlying land, and he therefore asserts that his mobile home is exempt pursuant to § 222.05 of the Florida Statutes and not pursuant to the Florida Constitution.

The Chapter 7 Trustee asserts that § 222.05 "merely implements the constitutional exemption for a place to live," and does not independently authorize an exemption for mobile homes. (Doc. 39, pp. 24). Consequently, the Trustee contends that the Debtor in this case is not entitled to the expanded personal property exemption allowed under § 222.25(4), because he has claimed a homestead exemption under the Florida Constitution by virtue of his claim under § 222.05.

The Debtor, on the other hand, asserts that § 222.05 independently operates to exempt mobile or modular homes from levy or forced sale. According to the Debtor, the statute "acts as its own source of protection for a debtor's home," similar to other exemption provisions contained in Chapter 222 of the Florida Statutes. (Doc. 40, pp. 2–5).

The issue, therefore, is whether a debtor's homestead claim under § 222.05 of the Florida Statutes constitutes a claim of exemption "under s. 4, Art. X of the State Constitution."

If § 222.05 merely implements the constitutional homestead provision, so that a claim under the statute is essentially a claim under the Florida Constitution, then the debtor is not entitled to the expanded personal property exemption authorized by § 222.25(4), because he is claiming a homestead exemption "under" the Florida Constitution.

On the other hand, if § 222.05 creates a separate basis for exempting certain dwelling houses, independently of the Florida Constitution, then the debtor may be entitled to the expanded personal property exemption authorized by § 222.25(4), because he is not claiming the exemption "under s. 4, Art. X of the State Constitution."

The Court determines that a claim of exemption based on § 222.05 of the Florida Statutes is not a claim of exemption "under" the Florida Constitution. For the reasons set forth below, the Court finds that § 222.05 creates a separate statutory exemption, and does not simply implement or extend the Constitutional exemption.

### A. Section 222.25(4) must be interpreted according to its plain meaning.

The issue in this case is whether the Debtor is entitled to claim the personal property exemption provided by § 222.25(4) of the Florida Statutes. Pursuant to the Statute, the exemption is available "if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution." Fla. Stat. 222.25(4).

■ The starting point for the interpretation of a statute is always its language. *In re Yates Development, Inc.,* 256 F.3d 1285, 1288 (11th Cir.2001)(cited in *In re Morgan,* 374 B.R. 353, 355 (Bankr.S.D.Fla. 2007)).

■ Courts should apply a statute's plain meaning except in those rare instances in which the plain meaning would produce an absurd result. *In re Yates Development,* 256 F.3d at 1288(citing *CBS, Inc. v. PrimeTime 24 Joint Venture,* 245 F.3d 1217, 1226–29 (11th Cir.2001)). "When interpreting statutory language, if the statute is unambiguous and does not demand an absurd result, it must be given its plain meaning." *In re Coburn,* 250 B.R. 401, 404 (Bankr.M.D.Fla.1999).

■ The reason that courts consistently apply the "plain meaning" rule of statutory construction is that the language of a statute "is presumed to express congressional intent." *In re Moss,* 378 B.R. 655, 658 (S.D.Ala.2007).

In this case, therefore, the Court will consider the Debtor's entitlement to the exemption provided by § 222.25(4) of the Florida Statutes by evaluating the language contained in the Statute. The Statute states that the personal property exemption is available if the debtor does not claim a homestead exemption "under s. 4, Art. X" of the Florida Constitution.

**B. Historically, the Florida Constitution and Section 222.05 of the Florida Statutes developed separately.**

In Florida's Constitution of 1868, for the first time, the exemption of the homestead from forced sale was established. The exemption was provided for a homestead on land that was owned by the person claiming the exemption.

### ARTICLE X

### HOMESTEAD

Section 1. A homestead to the extent of *one hundred and sixty acres of land, or the half of one acre* within the limits of any incorporated city or town, *owned* by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempted from forced sale under any process of law, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. . . .

. . .

Florida Constitution of 1868.

At common law in Florida, a leasehold interest was not an ownership interest in land. " 'At common law a leasehold interest in lands, no matter for what term of years, was a chattel, and in the absence of a statute to the contrary may be levied upon and sold as personal property.' " *Thalheimer v.Tischler,* 55 Fla. 796, 808, 46 So. 514, 518 (Fla.1908)(quoting 17 Cyc. 953).

In 1869, one year after the Constitution of 1868 was ratified, the Florida Legislature adopted Chapter 1,715 as an act of the legislature. Apparently recognizing that a homestead on land that was leased did not qualify for the constitutional homestead exemption for a homestead on land that was owned, the legislature provided that "a person owning and occupying any dwelling house on land not his own, which he may possess rightfully by lease or otherwise, and claiming such house as his homestead, is entitled to the exemption of the house from levy and sale."

### CHAPTER 1,715

An act providing for setting apart a Homestead and Personal Property to be Exempted from Forced Sale under Process of Law.

. . .

Sec. 5. Any person owning and occupying any dwelling house on *land not*

*his own, which he may possess rightfully by lease or otherwise,* and claiming such house as his homestead, shall be entitled to the exemption of such house from levy and sale as aforesaid.

. . .

Chapter 1,715, The Acts and Resolutions Adopted by the Legislature of Florida at its Extra Session, beginning June 8th, 1869 (Emphasis supplied).

Section 5 of Chapter 1,715 was later codified into § 222.05 of the Florida Statutes. In 1977, the Florida Legislature amended the statute to include a mobile home or modular home within the statutory exemption. The statutory exemption provided by § 222.05 of the Florida Statutes now specifically includes mobile homes on land that is not owned by the debtor.

**222.05. Setting apart leasehold**

Any person owning and occupying any dwelling house, *including a mobile home used as a residence,* or modular home, on *land not his own or her own which he or she may lawfully possess, by lease or otherwise,* and claiming such house, mobile home, or modular home as his or her homestead, shall be entitled to the exemption of such house, mobile home, or modular home from levy and sale as aforesaid.

Fla. Stat. 222.05(Emphasis supplied).

**C. The Constitutional exemption is based on the ownership of improved land.**

■ The Court finds that the Constitutional exemption is based on the ownership of improved land. The significance of the ownership of improved land to the Constitutional exemption is evidenced by (1) the specific language of the homestead provision, (2) the origins of the Constitutional exemption, (3) Florida case law that has

declined to allow the homestead exemption to property interests that do not involve the ownership of land, and (4) the enactment of a separate statutory exemption for homesteads on land not owned by the person claiming the exemption.

As set forth above, the homestead provision contained in Article X, Section 4(a)(1) of the Florida Constitution provides:

(a) There shall be exempt from forced sale . . . the following *property owned* by a natural person:

(1) *a homestead, if located outside a municipality,* to the extent of *one hundred sixty acres of contiguous land* and improvements thereon, . . . ; or *if located within a municipality,* to the extent of *one-half acre of contiguous land,* upon which the exemption shall be limited to the residence of the owner or the owner's family,

Fla. Const. art. X, § 4(Emphasis supplied).

By its terms, the exemption authorized by this Constitutional provision relates to land owned by a debtor, provided the debtor's residence is situated on the land.

The language is consistent with the historical purposes of the Constitutional exemption. "The characteristic of physical permanency is deeply rooted in the language of Florida's constitutional homestead provision. Article X, Section 4 of the Florida Constitution of 1885 illustrates that the homestead exemption was originally designed to protect the family residence *and the realty on which the dwelling was situated.*" *In re Kirby,* 223 B.R., 825, 828–29 (Bankr.M.D.Fla.1998)(Emphasis supplied).

The concept of land ownership was integral to the formation of Florida's homestead exemption. Further, the concept has been preserved by courts that have interpreted the provision in recent years.

The Florida Supreme Court, for example, determined that a cooperative apartment "may not be considered homestead property" under the Florida Constitution, because the purchaser of a cooperative apartment does not hold a proprietary interest in realty or improvements on realty, as required for the exemption. *In re Estate of Wartels*, 357 So.2d 708, 711 (Fla. 1978). As the Florida Supreme Court explained in *Wartels:*

> The words contained in Article X, Section 4(a)(1) "to the extent of one hundred sixty acres of contiguous land" and the words "if located within a municipality, to the extent of one-half acre of contiguous land" have been repeatedly defined to mean that homestead property must consist of *an interest in realty.*

*In re Estate of Wartels*, 357 So.2d at 710 (Emphasis supplied).

Despite the Florida Supreme Court's decision in *Wartels*, the Fifth District Court of Appeal subsequently concluded that "an owner of a co-op may qualify as an 'owner' of a 'residence' under article X, section 4(a)(1) of the Florida Constitution." *Southern Walls, Inc. v. Stilwell Corporation*, 810 So.2d 566, 572 (Fla. 5th DCA 2002). Even though the two courts reached different conclusions, however, it is significant that the court in *Southern Walls* recognized that the Constitutional homestead exemption applies to "any beneficial interest *in land.*" *Southern Walls*, 810 So.2d at 570(Emphasis supplied). The court in *Southern Walls* simply concluded that the rights acquired by the purchaser of a cooperative apartment satisfied the property rights requirement for the Constitutional exemption. *Id.* at 572.

Five years after the decision in *Southern Walls*, the Third District Court of Appeal addressed the issue of whether a cooperative apartment may be claimed as exempt under the Florida Constitution.

*Phillips v. Hirshon*, 958 So.2d 425 (Fla. 3d DCA 2007). Relying on *Wartels* as controlling precedent, the Third District Court of Appeal found that a cooperative residential apartment in Florida did not constitute protected homestead property, because it did not consist of an interest in realty. *Phillips v. Hirshon*, 958 So.2d at 428.

In part because of the apparent conflict between Districts, the issue of whether a cooperative apartment may quality as homestead property under Article X, Section 4(a)(1) of the Florida Constitution was certified to the Florida Supreme Court. Specifically, the court in *Phillips* certified the following question:

> Does the Florida Supreme Court's decision in *In re Estate of Wartels v. Wartels*, 357 So.2d 708 (Fla.1978), have continuing vitality in light of the adoption by the Florida Legislature of the Cooperative Act, Chapter 76–222, Laws of Florida?

*Phillips*, 958 So.2d at 430. The Florida Supreme Court, however, has declined to accept jurisdiction to review the question. *Levine v. Hirshon*, 980 So.2d 1053 (Fla. 2008).

Consequently, the decision of the Florida Supreme Court in *Wartels* was not modified, and remains authoritative case law regarding Article X, Section 4(a)(1) of the Florida Constitution. In *Wartels*, the court determined that "homestead property must consist of *an interest in realty.*" *Wartels*, 357 So.2d at 710(Emphasis supplied).

Further, the concept of land ownership is also generally present in other decisions involving the scope of the Constitutional homestead exemption, Over years, the exemption has been liberally construed and broadly applied in varying circumstances for the purpose of protecting the family

home. *Havoco of America, Ltd. v. Hill,* 790 So.2d 1018, 1020 (Fla.2001) citing *Milton v. Milton,* 63 Fla. 533, 58 So. 718 (Fla.1912). For example, partial ownership interests and beneficial interests have formed the basis for the exemption. *See Bessemer Properties v. Gamble,* 158 Fla. 38, 27 So.2d 832 (Fla.1946) and the cases cited therein. Even the proceeds of the sale of a homestead have been considered as exempt if the intent is to reinvest those proceeds in another homestead, since the court considered that "[t]he funds resulting from the voluntary sale of the homestead are 'converted', and while 'in transit' assume the character of the exempt real property...." *Orange Brevard Plumbing & Heating Company v. La Croix,* 137 So.2d 201, 206–7 (Fla.1962).

The Florida Supreme Court, however, has consistently based its decisions on the principle that the constitutional homestead exemption has its foundations in the ownership of land.

■ Finally, as shown above, a year after the Constitution of 1868 was adopted, the Florida Legislature enacted a statute providing for the exemption of a homestead on land leased by the person claiming the exemption. At common law, in Florida a leasehold interest is not an ownership interest in real property. *Thalheimer v. Tischler,* 55 Fla. at 808, 46 So. 514; *see also Gautier v. Lapof,* 91 So.2d 324 (Fla.1956). Clearly, the statute adopted in 1869 would not have been necessary if the Constitution of 1868 included an exemption for homesteads located on leased land.

In the case currently before the Court, the issue is whether a debtor's homestead claim under § 222.05 of the Florida Statutes is a claim of exemption "under s. 4, Art. X of the State Constitution." In evaluating whether a particular claim is a claim "under" the Florida Constitution, the Court has considered the express language of the Constitutional provision, the historical background of the exemption, and the interpretation of the provision by the Florida Supreme Court.

Based on these considerations, the Court determines that the Constitutional homestead exemption applies to improved land or real property owned by a debtor, provided the debtor's residence is situated on the land.

### D. Section 222.05 of the Florida Statutes expressly applies to persons who do not own land.

Florida's Constitutional homestead exemption is based on the ownership of improved land. The statutory exemption set forth in § 222.05 of the Florida Statutes, however, provides that a dwelling house on land that is not owned by the debtor, but which is claimed as his or her homestead, is entitled to the exemption from levy and sale.

Section 222.05 authorizes an exemption for "mobile and modular homes held by a debtor where the debtor merely leases the land." *In re Yettaw,* 316 B.R. 560, 562 (Bankr.M.D.Fla.2004). The statute provides an exemption for "mobile homes used as a residence on leasehold estates." *In re Andiorio,* 237 B.R. 851, 852 (Bankr. M.D.Fla.1999).

"Section 222.05 does not require land ownership for homestead exemption, in fact, § 222.05 clearly extends homestead protection to dwelling houses situated on leased premises." *In re Mead,* 255 B.R. 80, 84 (Bankr.S.D.Fla.2000). The standard for determining entitlement to the exemption under the statute is whether the debtor "lawfully had the right to place a mobile home on the realty or occupy it while using the mobile home as his homestead." *Meadow Groves Management, Inc. v.*

*McKnight,* 689 So.2d 315, 319 (Fla. 5th DCA 1997).

An ownership interest in the land underlying the mobile home is not required to claim the statutory exemption. The property that is the subject of the exemption is the mobile home, not the land or real property upon which it is situated.

### E. The homestead exemption provided by the Florida Constitution is separate and distinct from the exemption provided by § 222.05 of the Florida Statutes.

As described above, the homestead exemption provided by Article X, Section 4(a)(1) of the Florida Constitution applies to improved land or real property owned by a debtor, provided the debtor's residence is situated on the land. Section 222.05 of the Florida Statutes, on the other hand, expressly applies to persons who do not own the land upon which their mobile home is situated.

Since the Constitutional exemption requires land ownership, and the statutory exemption specifically excludes land ownership, the Court finds that the statute does not simply "implement" the Constitutional exemption. On the contrary, the Court finds that the homestead exemption provided by the Florida Constitution is separate and distinct from the exemption provided by § 222.05 of the Florida Statutes.

Several Courts have articulated the distinction between the two exemptions in various contexts. In *In re Major,* 166 B.R. 457 (Bankr.M.D.Fla.1994), for example, the court stated:

Article X, § 4 of the Florida Constitution of 1885 leaves no doubt that the homestead exemption was originally designed to protect *the family homesite house and the realty on which the dwelling was situated.* This is understanda-

ble, of course, since at the time the constitution was enacted in 1885, mobile homes, trailers or prefabricated homes were not known, In order to modernize this provision, the state enacted § 222.05 which provides that "homestead" includes a dwelling house, including a mobile home or modular home used as a residence *even though the same is not located on land which is owned by the party claiming the homestead exemption.*

*In re Major,* 166 B.R. at 458(Emphasis supplied). In *Major,* the court held that a motorboat could not be claimed as exempt.

More directly on point, the State Court was subsequently asked to determine whether a mobile home affixed to land could be exempted as homestead property under Florida law. *Gold v. Schwartz,* 774 So.2d 879 (Fla. 4th DCA 2001). The court stated:

We note that while section 222.05, Florida Statutes, is inapplicable to this case because the real estate herein was owned by the decedent, that statutory provision, which allows a homestead exemption for mobile homes on leased premises but omits similar protection to mobile homes on land owned by the debtor, lends credence to the conclusion that property of this nature falls squarely within the constitutional definition of homestead, for it is unlikely that the legislature would provide protection for mobile homes on leased premises if similar protection were not already available to mobile homes on premises owned by the debtor.

*Gold v. Schwartz,* 774 So.2d at 881. In other words, the mobile home and underlying real property could be claimed as exempt under the Constitutional homestead provision, but not under the statutory ex-

emption, because the two provisions apply to different circumstances.

See also *In re Meola*, 158 B.R. 881, 882 (Bankr.S.D.Fla.1993)(Section 222.05, not the Constitution, was the applicable state law to determine whether a travel trailer qualified as exempt homestead.).

Section 222.05 of the Florida Statutes creates a basis for exempting mobile homes that is separate and distinct from the Constitutional exemption. The statute does not simply implement the homestead exemption provided by the Florida Constitution.

### F. A statute may not alter or enlarge a constitutional provision.

■ Finally, it is fundamental that Constitutional provisions "cannot be altered, contracted or enlarged by legislative enactments." *Havoco of America, Ltd. v. Hill*, 790 So.2d 1018, 1029 (Fla.2001)(citing *Osterndorf v. Turner*, 426 So.2d 539, 544 (Fla.1982))(quoting *Sparkman v. State*, 58 So.2d 431, 432 (Fla.1952)).

In *Havoco*, the Florida Supreme Court determined that Florida's fraudulent transfer statute may not affect the homestead exemption provided by Florida's Constitution. *Havoco*, 790 So.2d at 1029.

In reaching this conclusion, the court noted the distinction between the homestead exemption allowed under the Florida Constitution and the statutory exemptions provided by Chapter 222 of the Florida Statutes. Specifically, the court agreed with the decision of the Eleventh Circuit Court of Appeals that state fraudulent transfer laws may apply only to statutory exemptions, because "Florida law's near absolute protection of legally created exemptions relates to 'the constitutionally-protected homestead exemption rather than the statutorily-created exemption for annuities.'" *Havoco*, 790 So.2d at

1029(quoting *In re Levine*, 134 F.3d 1046, 1051 (11th Cir.1998)).

■ In other words, the homestead exemption provided by Article X, Section 4(a)(1) enjoys Constitutional protections and attributes that are materially different from the exemptions provided by Chapter 222 of the Florida Statutes. The Constitutional exemption, for example, cannot be limited or expanded by an act of the legislature. *Havoco*, 790 So.2d at 1029(citing *In re Hendricks*, 237 B.R. 821, 825 (Bankr. M.D.Fla.1999) and *In re Clements*, 194 B.R. 923, 925 (Bankr.M.D.Fla.1996)). Restriction or expansion of the rights provided by the Florida Constitution can only be achieved through an amendment to the Constitution. *See In re Clements*, 194 B.R. at 925.

The legislative act at issue in this case is § 222.05 of the Florida Statutes. Section 222.05 provides a statutory exemption for mobile homes that are situated on land that is not owned by the debtor. The Statute cannot represent an extension of the Constitutional homestead exemption, however, because Constitutional provisions cannot be altered or expanded by legislative enactments.

### Conclusion

Section 222.25(4) provides an exemption for personal property with a value not to exceed $4,000.00, "if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution." In this case, the Debtor has claimed his mobile home as exempt pursuant to § 222.05 of the Florida statutes.

The issue, therefore, is whether a debtor's homestead claim under § 222.05 of the Florida Statutes constitutes a claim of exemption "under" the Florida Constitution. If the Debtor's claim is not a claim "under" the Florida Constitution, he may be enti-

tled to the personal property exemption provided by § 222.25(4) of the Florida Statutes.

The Court concludes that a claim of exemption based on § 222.05 of the Florida Statutes is not a claim "under" Article X, Section 4 of the Florida Constitution.

The homestead exemption provided by Florida's Constitution is based on the ownership of improved land. According to the express language of the Constitutional exemption, homestead property must consist of an interest in realty to qualify for the exemption under Article X, Section 4(a)(1) of the Florida Constitution, *In re Estate of Wartels,* 357 So.2d at 710.

Section 222.05 of the Florida Statutes, however, provides an exemption for mobile homes that arc situated on land that is not owned by the debtor. *In re Mead,* 255 B.R. at 84. The property that may be entitled to the statutory exemption is the mobile home or other dwelling house in which the debtor resides, not the land on which the mobile home is situated.

Consequently, the Court concludes that the homestead exemption provided by the Florida Constitution is separate and distinct from the exemption provided by § 222.05 of the Florida Statutes, *Gold v. Schwartz,* 774 So.2d at 879. The exemptions apply to different types of property interests, and the Statute does not simply implement the Constitutional exemption.

Finally, the Court determines that the statutory exemption provided by § 222.05 does not represent an extension or expansion of the Constitutional exemption, because legislative enactments may not alter or expand the rights provided by the Florida Constitution. *Havoco,* 790 So.2d at 1029.

The statutory exemption provided by § 222.05 of the Florida Statutes is separate and distinct from the Constitutional homestead exemption provided by Article X, Section 4(a)(1) of the Florida Constitution. Consequently, the Debtor's claim that his mobile home is exempt pursuant to § 222.05 of the Florida Statutes is not a claim of exemption "under" the Florida Constitution. The Debtor is entitled to the personal property exemption allowed under § 222.25(4) of the Florida Statutes.

Accordingly:

**IT IS ORDERED** that:

1. The Trustee's Objection to Debtor's Amended Claim of Exemptions is overruled.

2. The Trustee's Motion to Compel Turnover of Property of the Estate is denied.